865 F.2d 261
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Doll PATRICK, Defendant-Appellant.
 No. 88-1232.
 United States Court of Appeals, Sixth Circuit.
 Dec. 29, 1988.
 
 Before KENNEDY, RALPH B. GUY, Jr. and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, John Doll Patrick, appeals his conviction by a jury on three counts of mail fraud. 18 U.S.C. Sec. 1341. The only issue raised on appeal is the sufficiency of the evidence. The standard of review for claims of insufficient evidence in a criminal case is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). When the evidence in this case is reviewed under this standard, it is clear that it is more than adequate. Accordingly, we affirm.
 
 
 2
 Patrick was the owner of J and E Sunshine Realty (Sunshine). Elaine Archnard, who was indicted and convicted along with Patrick, was the broker of record for this company. Sunshine primarily dealt in inner-city residential properties. The scheme charged in the indictment is unfortunately an all too familiar one. Defendants would sell homes to persons who could not pay for them with the predictable result that the home mortgages would soon be in foreclosure. The sales would be made possible through a series of misrepresentations and falsifications in connection with mortgage loan applications. The false information supplied pertained to the applicant's employment and income, the amount of the deposit, and the amount of money an applicant had in a savings account.
 
 
 3
 Each of the three counts on which Patrick was convicted related to a specific mortgage application made by a different applicant. As to each of the three counts, the government presented the testimony of the applicant who admitted that the information supplied was false and known to be false. Each applicant indicated he was initially told to give false information by either Archnard or Patrick and coached in how to carry off the falsehoods. It is true that most applicants had more direct contact with Archnard than Patrick, but the evidence clearly established that Archnard and Patrick were working together in the furtherance of one common mail fraud scheme and, thus, each was responsible for the misdeeds of the other. United States v. Rodgers, 624 F.2d 1303, 1308 (5th Cir.1980).
 
 
 4
 The government additionally corroborated the applicants' testimony with the testimony of other witnesses who were involved in the documentation or furnishing of the false information. These witnesses implicated Patrick circumstantially, if not directly. The evidence against Patrick was convincing, bordering on being overwhelming. On one occasion, for example, Patrick gave an applicant $2,800.00 to put in her savings account so she could get a favorable report from the bank. Patrick retained her pass book, and then received the money back as soon as the favorable bank report was written.
 
 
 5
 The court committed no error in submitting this case to the jury nor did the jury err in its guilty verdict.
 
 
 6
 AFFIRMED.